UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES DISTRICT COUNCIL
NO. 78 HEALTH & WELFARE FUND, ET AL.,

      Plaintiffs,

v.                                              Case No.  8:06-cv-2222-T-24 EAJ

OLD REPUBLIC SURETY COMPANY,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 9). Plaintiffs oppose this motion.  (Doc. No. 10).

**I.  Background**

Plaintiffs Union[1], Trust Funds[2], and Trustees of the Trust Funds[3] have sued Defendant Old Republic Surety Company ("Old Republic") in order to recover amounts allegedly due under a collective bargaining agreement between the Union and Mid South Glass Company of Tampa ("Mid South").  Plaintiffs are suing Old Republic because it issued a subcontractor labor and material payment and performance bond to Mid South in connection with a construction project.  Plaintiffs allege in the complaint that the amount allegedly due is approximately

---

[1] International Union of Painters and Allied Trades District Council No. 78

[2] International Union of Painters and Allied Trades District Council No. 78 Health and Welfare Fund ("Welfare Fund") and International Union of Painters and Allied Trades District Council No. 78 Pension Fund ("Pension Fund")

[3] Tim Maitland, as Trustee of the Welfare Fund, and Gary Meyers, as Trustee of the Pension Fund

$20,000.

## II.  Motion to Dismiss

In the instant motion, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiffs' claim.  In response, Plaintiffs argue that this Court can exercise supplemental jurisdiction over Plaintiffs' claim in this case because the Court has federal question jurisdiction over a related case[4] in which Plaintiffs are suing Mid South under the collective bargaining agreement.  Plaintiffs argue that because the two cases flow from the same nucleus of operative facts, this Court can exercise supplemental jurisdiction over their claim in this case.

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides, in part: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  The Court rejects Plaintiffs' argument that § 1367 provides supplemental jurisdiction over their claims in this case due to the existence of subject matter jurisdiction over the related case, because § 1367 provides supplemental jurisdiction over related claims *in a single civil case*.  See Peacock v. Thomas, 516 U.S. 349, 355 (1996)(stating that "[i]n a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction"); Ortolf v. Silver Bar Mines, Inc., 111 F.3d 85, 86 (9th Cir. 1997)(stating that "[s]upplemental jurisdiction must be exercised in the same action that furnishes the basis for exercise of supplemental

---

[4] Case No. 8:05-cv-1661-T-24-TGW

jurisdiction"); Dimitri v. Canada, Inc., 2003 WL 22948345, at *2 (E.D. La. Dec. 9, 2003); Keene v. Auto Owners Ins. Co., 78 F. Supp.2d 1270, 1273 (S.D. Ala. 1999)(stating that § 1367 "provides that where a federal district court has original jurisdiction over an action, it may exercise jurisdiction over all claims raised within that action"); Sebring Homes Corp. v. T.R. Arnold & Associates, Inc., 927 F. Supp. 1098, 1101 (N.D. Ind. 1995); USA One BV v. Delmont Fire Protective Service, Inc., 1993 WL 140514, at *1 (E.D. Pa. May 3, 1993)(stating that "the language of § 1367 clearly contemplates supplemental jurisdiction arising only from claims within a single action"); see also Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1180 n.1 (11th Cir. 1987)(implying that supplemental jurisdiction can only be exercised over related claims in a single case by stating that the court could not exercise pendent jurisdiction over the case even if it were consolidated with a case over which the court had subject matter jurisdiction, because "[c]onsolidation does not result in a merger of suits or parties such that federal jurisdiction in one case can be engrafted upon a case with which it is consolidated. Each suit must have an independent jurisdictional basis."). Accordingly, because the Court lacks subject matter jurisdiction over this case, the Court grants Defendant's motion to dismiss.

**III. Conclusion**

Therefore, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 9) is **GRANTED** due to lack of subject matter jurisdiction. The Court dismisses this case without prejudice, and the Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of May, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record